UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASON JOHNSON | No. 21 CR 504-1<br><br>Judge Jorge L. Alonso |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits its sentencing memorandum. Defendant's criminal offense and his history and characteristics demonstrate a need for a substantial prison sentence to protect the public and promote respect for the law. However, a sentence below the Guidelines range of 108 to 135 months' imprisonment is sufficient but not greater than necessary to meet these goals. The government respectfully requests that the Court impose a sentence of 70 to 87 months' imprisonment.

**I.    BACKGROUND**

Between at least August 2020 and continuing until at least October 1, 2020, defendant Jason Johnson shipped at least 2 kilograms of actual methamphetamine from Los Angeles, California, to his co-defendant, Thomas Considine, in Chicago, Illinois, via the U.S. Postal Service and other mail carriers, knowing that it would be sold to Chicago area customers. Defendant completed interviews with law enforcement in which he admitted his involvement in the criminal offense and

provided information about other individuals who were involved in drug distribution activities.

## II. ADVISORY SENTENCING GUIDELINES RANGE

The PSR correctly calculated defendant's Guidelines range to be 108 to 135 months' imprisonment based on an adjusted offense level of 31, combined with criminal history category I.

The amount of methamphetamine at issue triggers a 5-year mandatory minimum term of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). The Court may sentence a defendant without respect to a mandatory minimum, however, if the Court finds at sentencing that a defendant satisfies the criteria in 18 U.S.C. § 3553(f). *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). Here, the government recommends that the defendant is eligible for safety-valve relief under 18 U.S.C. § 3553(f), and that the Court may sentence the defendant without taking into account the 5-year mandatory minimum.

## III. APPLICATION OF SECTION 3553(a) SENTENCING FACTORS

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing.[1] In order to determine the sentence, the Court must consider the statutory factors listed in 18 U.S.C. § 3553(a)(1)-(7). One of those factors is the

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

2

advisory range set by the Sentencing Guidelines, and another is the Commission's policy statements. Although the Sentencing Guidelines are advisory only, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, consideration of the § 3553(a) factors reflects that a sentence of 70 to 87 months' imprisonment is warranted and necessary.

A. The Nature and Circumstances of the Offense

The defendant shipped 2 kilograms of methamphetamine to Chicago, intending that it be distributed to Chicago-area customers. These were not user quantities of methamphetamine. Approximately 2 kilograms of pure methamphetamine breaks down to hundreds of individual doses that would have contributed to addiction, endangered human life, and added to the persistent drug problem in Chicago and surrounding areas.[2]

Methamphetamine purity has increased in recent years, which makes methamphetamine even more dangerous. *See* Drug Enforcement Administration, 2020 National Drug Threat Assessment, available at https://www.dea.gov/sites/default/files/2021-02/DIR-008-21%202020%20 National%20Drug%20Threat%20Assessment_WEB.pdf (last visited Aug. 30, 2023), at 19-20. According to the DEA and the CDC, psychostimulant-involved drug-poisoning deaths (which include deaths caused by methamphetamine) in the United States have steadily increased in recent years, including a 23 percent increase from

---

[2] *See* U.S.S.G. § 2D1.1, app. note 9 (stating that a typical dose of methamphetamine is 5 grams).

2017 to 2018 and an 874 percent increase from 2008 to 2018. *Id.* at 20-21. The below chart demonstrates the alarming upward trend in psychostimulant-involved drug-poisoning deaths in recent years:

**Figure 13. Psychostimulant-involved Drug Poisoning Deaths, 2007 – 2018**

| Year | Number of Deaths |
|---|---|
| 2007 | 1,378 |
| 2008 | 1,302 |
| 2009 | 1,632 |
| 2010 | 1,854 |
| 2011 | 2,266 |
| 2012 | 2,635 |
| 2013 | 3,627 |
| 2014 | 4,298 |
| 2015 | 5,716 |
| 2016 | 7,542 |
| 2017 | 10,333 |
| 2018 | 12,676 |

Source: National Center for Health Statistics/Centers for Disease Control and Prevention

*Id.* at 21.

The defendant helped fuel a drug epidemic in this community by selling methamphetamine for his own personal profit. The nature and circumstances of the offense therefore weigh in favor of a substantial prison sentence.

B. History and Characteristics of the Defendant

Defendant is now 44 years old. Prior to and during his involvement in methamphetamine distribution, defendant held stable jobs in the financial industry and earned a good living. PSR ¶¶ 73-74. Defendant's decision to unlawfully sell narcotics when he had a good life and stable income is an aggravating factor that warrants a substantial prison sentence in this case.

Defendant was raised in a conservative family, with parents who were not supportive of his lifestyle. PSR ¶¶ 40-43.[3] He has faced physical illness. PSR ¶ 53. He has also struggled with substance abuse issues, which almost certainly contributed to his criminal conduct in this case. PSR ¶¶ 62-66. Defendant has taken steps to address his substance abuse issues while on pretrial release in this case.

Defendant also provided truthful information about his and others' criminal conduct to the government. Although this has not resulted in additional charges, it nevertheless shows that defendant has taken responsibility for his conduct.

Defendant has zero criminal history points and is in Criminal History Category I. In November 2023, Guideline § 4C1.1 will be amended. If Johnson were sentenced after the effective date of this amendment, he would likely be eligible for a 2-level decrease in his offense level, given his criminal history score and other factors. *See* Amendments to U.S.S.G. § 4C1.1(a) (effective Nov. 2023), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf (last visited Aug. 31, 2023). Although this amendment does not apply to Johnson's sentence, the government has taken this amendment and other mitigating factors into account in recommending a below-Guidelines sentence.

---

[3] The government refers generally to the sensitive issues described in the PSR, instead of describing them in a public filing.

C. <u>The Need to Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence</u>

A sentence of 70 to 87 months would acknowledge the seriousness of defendant's conduct, promote respect for the law, provide just punishment, and deter the defendant and others from engaging in similar criminal conduct. As noted, defendant's conduct is serious: his sale of illegal narcotics is a scourge on the community and helped fuel an epidemic.

As for specific deterrence, a substantial prison sentence is warranted to show defendant that selling narcotics is serious and comes with consequences that include a term of imprisonment. The defendant had alternative means of employment, and in fact had stable employment in the financial industry, but he turned to selling drugs. A significant prison sentence would send a necessary message to the defendant that this conduct carries serious repercussions.

Finally, a significant sentence would send a message to the public at large that drug dealing is not a way to make a living and that those who are arrested for selling drugs—especially the quantities at issue here—will face prison time.

D. <u>Supervised Release</u>

The government agrees with the Probation Office's recommendation to impose a three-year term of supervised release in order to provide additional specific deterrence to the defendant. The government agrees that the mandatory and discretionary conditions of supervised release proposed by the Probation Department should be imposed.

IV. **CONCLUSION**

A sentence of 70 to 87 months is warranted after considering the factors outlined in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of defendant. This sentence is sufficient, but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.

        Respectfully submitted,

        MORRIS PASQUAL
        Acting United States Attorney

By:   */s/ Julia K. Schwartz*
       JULIA K. SCHWARTZ
       Assistant United States Attorney
       219 S. Dearborn Street, 5th Floor
       Chicago, Illinois 60604
       (312) 353-5326