UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 504-1 |
| v. | |
| JASON JOHNSON | Judge Jorge L. Alonso |

## GOVERNMENT'S SUPPLEMENT TO SENTENCING MEMORANDUM

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits this supplement to its sentencing memorandum. Defendant's Guideline range should be amended to account for his failure to appear for his sentencing hearing on September 6, 2023, and the two months during which he was a fugitive. Based on defendant's history and characteristics, and his conduct over the last two months, the government respectfully recommends the Court impose a sentence at the low end of the Guidelines range of 151 to 188 months' imprisonment.

## I.    BACKGROUND

On August 12, 2021, defendant was charged with three counts of attempted distribution of methamphetamine. Dkt. 1. On May 3, 2023, defendant pleaded guilty, and admitted that on or about October 1, 2020, he attempted to knowingly and intentionally distribute 5 grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Section 846. Dkt. 85. Defendant admitted to shipping Considine a total of at least 2 kilograms of actual methamphetamine to his codefendant.  Dkt. 86.

The Court set a sentencing date for JOHNSON of September 6, 2023. Dkt. 85. The parties filed sentencing memoranda on August 30, 2023 and August 31, 2021. Dkt. 103, 106. On September 6, 2023, JOHNSON failed to appear for his sentencing. Dkt. 107. On that date, JOHNSON's attorney represented to the Court that he did not know of JOHNSON's whereabouts but that he had informed JOHNSON of the sentencing date. On September 8, 2023, upon the government's request, the Court issued a warrant for JOHNSON's arrest. Dkt. 107, 110.

JOHNSON did not turn himself or appear before the Court between September 6 and his arrest on November 6, 2023. In fact, law enforcement had to request the issuance of a search warrant to find JOHNSON. Specifically, on October 30, 2023, U.S. Magistrate Judge Jeffrey Cole issued a search warrant authorizing the government to obtain prospective cell-site location data for a phone used by JOHNSON, which allowed law enforcement to locate and arrest him in the Lakeview neighborhood of Chicago on November 6, 2023. Dkt. 113-116.

## II.     ADVISORY SENTENCING GUIDELINES RANGE

The government agrees with the Probation Office's amended Guidelines calculation, dated November 8, 2023. Based upon his non-appearance, defendant's adjusted offense level is 34 and his criminal history category I, resulting in a Guidelines range of 151 to 188 months' imprisonment. The offense level calculation is set forth below:

- The base offense level is 36, pursuant to Guideline §§ 2D1.1(a)(5) and (c)(2), because the amount of controlled substances involved in the offense is between 1.5 and 4.5 kilograms of methamphetamine (actual).

- Under Guideline § 5C1.2, the offense level is decreased by 2, because the defendant participated in a safety-valve proffer.[1]

- Under Guideline § 3C1.1, the offense level is increased by 2, because defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the sentencing of the instant offense of conviction, by failing to appear for his sentencing. The Application Notes to Guideline § 3C1.1 state that this adjustment applies where a defendant "escap[ed] or attempt[ed] to escape from custody before trial or sentencing; or willfully fail[ed[] to appear, as ordered, for a judicial proceeding." *Id.*, Appl. Note 4(E). That is exactly what happened here. Defendant was advised of the sentencing date at his change of plea hearing; he consulted with Probation for a PSR interview; and his attorney submitted a sentencing memo, presumably in consultation with his client. Defendant cannot plausibly suggest that he did not know about his sentencing date. Moreover, the evidence contradicts defendant's claim. He failed to contact anyone—his attorney, the Court, or his Pretrial Services officer—for two months, which shows an effort to evade appearing. Defendant also started using a new cellphone number, which was different from the number known to the government in its original

---

[1] In addition, the Court may impose a sentence without regard to any statutory minimum sentence under Title 18, United States Code, Section 3553(f).

investigation and different from the number defendant provided to Pretrial Services. *See* Dkt. 113-116 (under seal search warrant affidavit at ¶¶ 17 to 20 & n.1). There is ample evidence to conclude that defendant began using a new phone in order to make it more difficult for law enforcement to locate him. Defendant willfully evaded law enforcement during the two months that he was a fugitive.

- Under new Guideline § 4C1.1(a), the offense level is decreased by 2 because he is a Zero-Point Offender.

- Because of defendant's failure to appear, he is not entitled to any reduction in his offense level for acceptance of responsibility under Guideline § 3E1.1(a) and 3E1.1(b). The Application Notes for this Guideline provide that "[c]onduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3C1.1, App. Note. 4. Here, defendant failed to accept responsibility for his actions, by refusing to show up for his sentencing and then failing to surrender for two months thereafter. He should not get credit for acceptance of responsibility.

### III. APPLICATION OF SECTION 3553(a) SENTENCING FACTORS

The government amends it sentencing recommendation in light of the defendant's failure to appear for his sentencing hearing on September 6, 2023. Defendant's brazen failure to appear demonstrates a lack of respect for the law and a heightened need to deter this defendant from committing crimes in the future. His failure to appear—and his evasion of law enforcement for the two months that

followed—demonstrates that he has not accepted responsibility for his conduct. Based on defendant's conduct over the last two months, a sentence at the low end of the Guidelines range would be sufficient, but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence to criminal conduct.

## IV.    CONCLUSION

A sentence at the low end of the Guidelines range of 151 to 188 months' imprisonment is warranted based on the factors outlined in 18 U.S.C. § 3553(a).

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:    */s/ Julia K. Schwartz*
JULIA K. SCHWARTZ
Assistant United States Attorney
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-5326